

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

GUY WESSON BENJAMIN                                                                                    PLAINTIFF

V.                                 CASE NO. 18CV-25-57

LUIS ZAMORA and                                                           DEFENDANTS
LANDSTAR INWAY, INC.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, Guy Wesson Benjamin, by and through Plaintiff's undersigned attorneys, DASPIT LAW FIRM, and for his cause of action against the Defendants, Luis Zamora and Landstar Inway, Inc., alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Guy Wesson Benjamin is, and at all times relevant to this action was, a resident of Montgomery County, Texas.

2. On information and belief, Defendant Luis Zamora (hereinafter sometimes referred to as "Zamora" or "Defendant Zamora") is an individual residing in Smith County, Texas, and may be served with process at his residence located at 1224 N Broadway Ave, Tyler, TX 75702, or wherever found.

3. Defendant Landstar Inway, Inc. (hereinafter sometimes referred to as "Landstar" or "Defendant Landstar"), is a foreign for-profit corporation organized under the laws of the State of Delaware with its principal place of business at 13410 Sutton Park Drive South, Jacksonville, FL 32224, and registered to do business in Arkansas with the Arkansas Secretary of State. Defendant

Landstar may be served with process via its registered agent, C T Corporation System, located at 320 S. Izard Street, Little Rock, AR 72201, or wherever found.

4. The motor vehicle collision giving rise to this cause of action occurred in Crittenden County, Arkansas.

5. This Court has jurisdiction over the parties and the subject matter herein, and this Court is the proper venue for this cause of action.

## FACTS COMMON TO ALL COUNTS

6. On or about August 11, 2024, at 4:16 AM, Plaintiff was lawfully and cautiously driving a two-door subcompact 2014 Fiat 500, traveling eastbound at or near Exit 271 on I-40 in Crittenden County, Arkansas.

7. At the same time and place, Defendant Zamora was driving a laden 2019 Freightliner tractor-trailer behind Plaintiff, also heading eastbound on I-40.

8. On information and belief, Defendant Zamora was operating the laden tractor-trailer while in the course and scope of his agency and employment with Defendant Landstar.

9. While driving behind Plaintiff, Defendant Zamora fell asleep at the wheel, causing his laden tractor-trailer to accelerate and violently collide with the rear of Plaintiff's vehicle. The force of the collision was such that it abruptly launched Plaintiff's vehicle forward approximately 40 feet.

10. As a result of Defendant Zamora's negligent operation of his vehicle, Plaintiff suffered extensive and permanent bodily injuries. The collision caused Plaintiff to suffer bodily injuries.

## COUNT I – NEGLIGENCE OF DEFENDANT ZAMORA

11. The allegations of the preceding paragraphs are incorporated herein as if set forth word-for-word.

12. At the time of the collision, Defendant Zamora was negligent in the following respects:

    a. Zamora operated a commercial motor vehicle while his ability and alertness was so impaired by fatigue as to make it unsafe for him to continue driving due to the risk of him falling asleep and injuring Plaintiff and the occupants of other vehicles on the roadway in a motor vehicle collision;

    b. Zamora failed to keep a proper lookout on the roadway;

    c. Zamora failed to control the speed of his vehicle;

    d. Zamora failed to timely apply his brakes;

    e. Zamora failed to keep his vehicle under reasonable control;

    f. Zamora failed to keep a safe distance from other vehicles on the road;

    g. Zamora failed to yield to the superior right of way of Plaintiff's vehicle;

    h. Zamora violated statutes and regulations prescribed by state and federal law applicable to the operation of motor vehicles and commercial motor vehicles;

    i. Zamora generally failed to act as a reasonably careful and prudent person would act under the circumstances; and

    j. Other acts so deemed negligent.

13. As a result of these negligent acts or omissions, Plaintiff sustained damages recognizable by law and claims all damages recognizable by law.

### COUNT II – NEGLIGENCE OF DEFENDANT LANDSTAR

14. The allegations of the preceding paragraphs are incorporated herein as if set forth word-for-word.

15. On information and belief, at all times material hereto, Defendant Zamora was operating the laden tractor-trailer in the course and scope of his agency and employment with Defendant Landstar.

16. Consequently, Defendant Landstar is vicariously liable for Defendant Zamora's negligent acts and omissions under the doctrine of *respondeat superior*.

17. Moreover, on information and belief, Defendant Landstar was directly negligent in the following respects:

   a. Landstar failed to properly vet the qualifications, background, and driving record of Zamora before hiring him;

   b. Landstar did not adequately monitor or supervise Zamora's driving activities, thereby allowing him to adopt and utilize unsafe and unlawful operating practices.

   c. Landstar continued to employ Zamora despite knowing or having reason to know that his operating practices posed a risk to public safety.

   d. Landstar required or permitted Zamora to operate a commercial motor vehicle while his ability and alertness was so impaired by fatigue as to make it unsafe for him to continue driving due to the risk of him falling asleep and injuring Plaintiff and the occupants of other vehicles on the roadway in a motor vehicle collision.

18. On further information and belief, Defendant Landstar violated statutes and regulations prescribed by state and federal law applicable to the operation of motor vehicles and commercial motor vehicles, including without limitation provisions of the Federal Motor Carrier Safety Regulations applicable to motor carriers and/or employers as to hours of service and logging requirements.

19. As a result of these negligent acts or omissions, Plaintiff sustained damages recognizable by law and claims all damages recognizable by law.

## DAMAGES

20. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered physical injuries throughout Plaintiff's body.

21. As a further direct and proximate result of the Defendants' negligence and of Plaintiff's injuries, Plaintiff suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

22. As a further direct and proximate result of the Defendants' negligence and of Plaintiff's injuries, Plaintiff was placed under the care of physicians and has incurred medical expenses, for which the amount includes transportation expenses necessarily incurred in securing such care, and Plaintiff is likely to incur further medical expenses in the future.

23. As a further direct and proximate result of the Defendants' negligence and of Plaintiff's injuries, Plaintiff was unable to work for a period and sustained lost earnings.

24. As a result of the Defendants' negligent conduct, Plaintiff should be compensated for the nature, extent, duration, and permanency of Plaintiff's injuries as set out herein.

**25. PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PRESENTED HEREIN.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment over and against Defendants in an amount exceeding the minimum requirements for federal court diversity jurisdiction; that Plaintiff be awarded pre-judgment and post-judgment interest at the maximum allowable rate provided by law; that Plaintiff recover from Defendants his court costs herein expended and his attorney's fees, and that Plaintiff receive any and all other proper relief to which he may be justly entitled.

RESPECTFULLY SUBMITTED,

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiff*

By: _____
Robert Morse       Ark. Bar No. 2022089
Lee D. Curry       Ark. Bar No. 2014153
robert@daspitlaw.com
lcurry@daspitlaw.com