

FEB 18 2025

TAMMY H. DOWNS, CLERK
By: DEP CLE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

GUY WESSON BENJAMIN,

Plaintiff,

v. Civil Action No. 3:25-cv-00033 JM

LUIS ZAMORA and
LANDSTAR INWAY, INC.,

Defendants.

**JOINT ANSWER AND DEFENSES OF
DEFENDANTS LUIS ZAMORA AND LANDSTAR INWAY, INC.**

COME NOW Defendants Luis Zamora ("Zamora") and Landstar Inway, Inc. ("Landstar") (collectively "Defendants") by and through the undersigned counsel, and respond as follows to the January 15, 2025 Complaint and Demand for Jury Trial (the "Complaint") of Plaintiff Guy Wesson Benjamin ("Plaintiff"):

**FIRST DEFENSE**

The Complaint fails to state a claim against Defendants, or either of them, upon which relief can be granted.

**SECOND DEFENSE**

Defendants deny that they were guilty of negligence that was the sole proximate cause of any damages sustained by Plaintiff; and further aver that Plaintiff has failed to plead facts that would establish liability on the part of either Defendant named herein.

**THIRD DEFENSE**

Defendants exercised reasonable care at all times pertinent to this action.

**FOURTH DEFENSE**

Defendants did not breach any duty they had to Plaintiff.

**FIFTH DEFENSE**

Defendants plead and rely on the Doctrine of Comparative Fault.

**SIXTH DEFENSE**

In the event of a finding of any liability in favor of Plaintiff, or judgment against either Defendant herein, Defendants are entitled to a set-off from any recovery against them to the extent of the value of all benefits received by, available to, paid or payable on behalf of Plaintiff.

**SEVENTH DEFENSE**

In the event of a finding of any liability in favor of Plaintiff, Defendants should be held liable, if at all, only for the proportion of damages sustained by Plaintiff, if any, for the allocable percentage of fault or negligence attributed to Defendants.

**EIGHTH DEFENSE**

Defendants intend to rely upon such other defenses as may become available or become apparent during discovery, including without limitation, those defenses that are specific to the statutory law or common law of the jurisdiction in which the action was commenced which were available at the time the action was commenced, or which became available during the pendency of the action, and Defendants reserve the right to amend the Answer to assert such defenses.

**RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT**

1. Responding to Paragraph 1 of the Complaint, Defendants admit only that at all times material hereto, Plaintiff was and is a citizen and resident of Montgomery County, Texas.

2. Responding to Paragraph 2 of the Complaint, Defendants admit only that at all times material hereto, Zamora was and is a citizen and resident of Smith County, Texas.

3. Responding to Paragraph 3 of the Complaint, Defendants admit only that at all times material hereto, Landstar was and is a foreign corporation, organized under the laws of the State of Delaware with its principal place of business in Jacksonville, Duval County Florida.

4. Responding to Paragraph 4 of the Complaint, Defendants admit only that Plaintiff and Zamora were involved in a motor vehicle accident in Crittenden County, Arkansas.

5. Responding to Paragraph 5 of the Complaint, Defendants admit only that this Court has jurisdiction of this now-removed lawsuit.

6. Responding to Paragraph 6 of the Complaint, Defendants admit only that Plaintiff and Zamora were involved in a motor vehicle accident on August 11, 2024 in Crittenden County, Arkansas.

7. Responding to Paragraph 7 of the Complaint, Defendants admit only that Plaintiff and Zamora were involved in a motor vehicle accident on August 11, 2024 in Crittenden County, Arkansas, and that Zamora was operating a 2019 Freightliner tractor trailer on or about the business on Landstar.

8. Responding to Paragraph 8 of the Complaint, Defendants deny that Zamora was employed by Landstar, and admit only that Zamora was operating a 2019 Freightliner tractor trailer on or about the business on Landstar.

9. Responding to Paragraph 9 of the Complaint, Defendants deny the allegations as stated.

10. Responding to Paragraph 10 of the Complaint, Defendants deny the allegations as stated.

11. Responding to Paragraph 11 of the Complaint, Defendants do not believe a response is necessary. To the extent a response is necessary, Defendants rely on and reassert their defenses and responses to specific allegations.

12. Responding to Paragraph 12 of the Complaint, Defendants deny the allegations as stated.

13. Responding to Paragraph 13 of the Complaint, Defendants deny the allegations.

14. Responding to Paragraph 14 of the Complaint, Defendants do not believe a response is necessary. To the extent a response is necessary, Defendants rely on and reassert their defenses and responses to specific allegations.

15. Responding to Paragraph 15 of the Complaint, Defendants deny that Zamora was employed by Landstar, and admit only that Zamora was operating a 2019 Freightliner tractor trailer on or about the business on Landstar.

16. Responding to Paragraph 16 of the Complaint, Defendants do not believe a response is necessary to Plaintiff's statement of a purely legal conclusion. To the extent a response is necessary, Defendants rely on and reassert their defenses and responses to specific allegations.

17. Responding to Paragraph 17 of the Complaint, Defendants deny the allegations.

18. Responding to Paragraph 18 of the Complaint, Defendants deny the allegations.

19. Responding to Paragraph 19 of the Complaint, Defendants deny the allegations.

20. Responding to Paragraph 20 of the Complaint, Defendants deny the allegations as stated.

21. Responding to Paragraph 21 of the Complaint, Defendants deny the allegations.

22.     Responding to Paragraph 22 of the Complaint, Defendants deny the allegations as stated.

23.     Responding to Paragraph 23 of the Complaint, Defendants deny the allegations as stated.

24.     Responding to Paragraph 24 of the Complaint, Defendants deny the allegations.

25.     Responding to Paragraph 25 of the Complaint, Defendants do not believe a response is necessary. To the extent a response is necessary, Defendants rely on and reassert their defenses and responses to specific allegations.

26.     Defendants believe that the unnumbered paragraph beginning "WHEREFORE, PREMISES CONSIDERED" does not require an admission or denial; however, to the extent that said paragraph requires an answer, Defendants rely on and reassert their defenses and responses to specific allegations.

27.     Defendants believe that the unnumbered paragraph beginning "COMES NOW" does not require an admission or denial; however, to the extent that said paragraph requires an answer, Defendants rely on and reassert their defenses and responses to specific allegations.

28.     Defendants deny the allegations contained in the Complaint that have not been previously admitted or denied.

29.     Defendants deny that they, or either of them, are liable for the damages claimed by Plaintiff.

WHEREFORE, Defendants Luis Zamora and Landstar Inway, Inc. respectfully pray that the Court deny all claims in the Complaint; dismiss the Complaint with prejudice; assess costs against Plaintiff Guy Wesson Benjamin; and award Defendants any other such relief to which they, or either of them, are entitled.

Respectfully submitted,

J. Lewis Wardlaw (Arkansas Bar No. 2004034)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Ave., Tower II, Suite 900
Memphis, TN 38119-4839
(901) 522-9000
(901) 527-3746 (Fax)
lwardlaw@martintate.com

*Defendants Luis Zamora and Landstar Inway, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon counsel for the Plaintiff, via electronic mail and regular mail, postage pre-paid on this the 18th day of February, 2025.

Robert Morse
Lee D. Curry
DASPIT LAW FIRM
124 W. Capitol Ave., Suite 1820
Little Rock, AR 72201
*robert@daspitlaw.com*
*lcurry@daspitlaw.com*

J. Lewis Wardlaw