**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**GUY WESSON BENJAMIN**                                                                       **PLAINTIFF**

**V.**                              **CASE NO. 3:25-cv-00033-JM**

**LUIS ZAMORA, ET AL**                                                                       **DEFENDANTS**

**JOINT RULE 26(f) CONFERENCE REPORT**

COME NOW the Plaintiff, Guy Wesson Benjamin, and the Defendants, Luis Zamora and Landstar Inway, Inc., by and through their undersigned counsel, and hereby file their Rule 26(f) Conference Report.

Undersigned counsel conferred at 9:30 AM on April 23, 2025 to consider the nature and basis of their claims and defenses and the possibilities for promptly setting or resolving the case, to arrange for the disclosures required by Rule 26(a)(1), to discuss any issues about preserving discoverable information, and to develop a discovery plan. This report outlines said discovery plan and states the parties' views and proposals regarding the below-listed topics:

**(1)     Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26 (a).**

The parties do not propose any changes to the timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).

**(2)     Date when mandatory disclosures were or will be made.**

The parties agree that the mandatory disclosures as set forth in Federal Rule of Civil Procedure 26(a) will be made as follows:

- Initial disclosures under Rule 26(a)(1) will be made on or before May 7, 2025.

- The parties' case-in-chief expert disclosures under Rule 26(a)(2) will be made no later than January 23, 2026.

- The parties' rebuttal expert disclosures under Rule 26(a)(2) will be made no later than February 22, 2026.

- Pretrial disclosures under Rule 26(a)(3) will be made no later than June 1, 2026.

**(3)    Subjects on which discovery may be needed.**

Standard discovery on liability, damages, and affirmative defenses may be needed. Plaintiff states that, if vicarious liability is disputed, additional discovery may be needed regarding the nature and extent of any employment or agency relationship between Defendant Zamora and Defendant Landstar Inway, Inc.

**(4)    Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

Yes.

**(a)    whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

Yes.

**(b)    the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

Not applicable.

**(c)    the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The parties anticipate that they will produce such data in an image or

near-image format, such as PDF or TIFF files. For any structured data (i.e., spreadsheets, database records, etc.), the parties anticipate that they will also produce such data in a format that is readily usable (i.e., Excel files (.xlsx), comma-separated value files (.csv), JSON key-value pairs, etc.). The parties will endeavor to preserve any associated file metadata (i.e., EXIF metadata associated with digital photographs) and, upon request, provide such metadata to the other party and/or reproduce the subject file(s) in native or near-native format to allow the other party to conduct its own analysis of the metadata.

All documents produced in discovery by either party will be Bates-stamped with a unique identifier on each page. For files that cannot be reproduced in an image or near-image format (i.e., audio recordings, video recordings, archive files, etc.), the parties will include a Bates-stamped slip sheet for reference that includes any metadata necessary to identify the file (i.e., file name, hash value, file size, etc.).

The parties intend to produce documents in discovery via email as attachments or by providing the other party with a link to download and access the documents.

**(d)     whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

Yes.

**(e)     other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

None at this time.

**(5)     Date by which discovery should be completed.**

The parties propose that discovery be completed by April 8, 2026, as per the proposed Final Scheduling Order.

**(6)     Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None.

**(7)     Any orders, e.g. protective orders, which should be entered.**

None.

**(8)     Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

**(9)     Any objections to the proposed trial date.**

None.

**(10)    Proposed deadline for joining other parties and amending the pleadings.**

The parties propose that the deadline for joining other parties and amending the pleadings be set at December 29, 2025, as per the proposed Final Scheduling Order.

**(11)    Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

The parties propose that the deadline for completing discovery be set at April 8, 2026, as per the proposed Final Scheduling Order.

**(12)    Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60)**

days before trial.)

The parties do not request any changes to the Motion Deadlines set forth in the proposed Final Scheduling Order at page 2, Section 6.

**(13)  Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.  (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26.(f) conference.)**

Not applicable.

Submitted by:

| | |
|---|---|
| Lee D. Curry, Ark. Bar No. 2014153 | J. Lewis Wardlaw, Ark. Bar No. 2004034 |
| DASPIT LAW FIRM, PLLC | MARTIN, TATE, MORROW & MARSTON, P.C. |
| 124 W. Capitol Ave., Ste. 1820 | 6410 Poplar Ave., Tower II, Suite 900 |
| Little Rock, AR 72201 | Memphis, TN 38119-4839 |
| Phone: (501) 512-0367 | Phone: (901) 522-9000 |
| Fax:    (713) 587-9086 | Fax:    (901) 527-3746 |
| Lcurry@daspitlaw.com | Lwardlaw@martintate.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |