EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GUY WESSON BENJAMIN**                                                                 **PLAINTIFF**

**V.**                              **CASE NO. 3:25-CV-00033-JM**

**LUIS ZAMORA, ET AL**                                                                  **DEFENDANTS**

## PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Guy Wesson Benjamin, by and through his undersigned counsel, provides the following Initial Disclosures based upon current information reasonably available:

**I.  Persons with Discoverable Information**

1. **Plaintiff**
   *Contact through counsel*

2. **Defendant Luis Zamora**
   *Contact through counsel*

3. **All law enforcement officers identified in Arkansas Uniform Motor Vehicle Collision Report No. 079 dated August 11, 2024.**

   See BENJAMIN_0003 – BENJAMIN_0006.

4. **Plaintiff's medical treatment providers (see attached medical records)**

   The names, addresses, and phone numbers of the individual physicians/healthcare practitioners are identified in Plaintiff's medical records. See BENJAMIN_0007 – BENJAMIN_0442.

5. **Custodians of records and billing custodians for medical facilities where Plaintiff received treatment.**

   The names, addresses, and phone numbers of these individuals are identified in the

Plaintiff's medical records and itemized billing statements. See BENJAMIN_0007 – BENJAMIN_0442.

Plaintiff reserves the right to supplement and/or amend these Disclosures at any time as further discovery and information becomes available and to call witnesses not listed in these Initial Disclosures or on Court ordered witness lists to the extent those witnesses will be called solely for impeachment.

II. Documents

Either prior to or contemporaneous with the service of these disclosures, Plaintiff has produced the following documents to opposing counsel:

| File Name | Beg_Bates | End_Bates | Date Produced |
|---|---|---|---|
| **image000007.pdf** | 0001 | 0001 | 5/12/2025 |
| **image000008.pdf** | 0002 | 0002 | 5/12/2025 |
| **24.08.11 Benjamin, Guy Wesson (018418) - Crash Report (1).pdf** | 0003 | 0006 | 5/12/2025 |
| **24.08.11 Benjamin, Guy Wesson (18418) - Crittenden EMS - Informal Bill ($1,179.40).pdf** | 0007 | 0008 | 5/12/2025 |
| **24.08.11 Benjamin, Guy Wesson (18418) - Crittenden EMS - Formal Medical.pdf** | 0009 | 0016 | 5/12/2025 |
| **24.08.11 Benjamin, Guy Wesson (18418) - Baptist Memorial Hospital - Crittenden - Formal Billing ($12,724.65).pdf** | 0017 | 0020 | 5/12/2025 |
| **24.08.11 Benjamin, Guy Wesson (18418) - Baptist Memorial Hospital - Crittenden - Formal Medical.pdf** | 0021 | 0096 | 5/12/2025 |
| **24.09.04 Benjamin, Guy Wesson (18418) Life Sciences Imaging Partners, LLC - Formal Medical & Formal Bill ($8,400.00).pdf** | 0097 | 0106 | 5/12/2025 |
| **24.10.31-24.12.02, Benjamin, Guy Wesson - (018418) - MMRI - Formal B&M.pdf** | 0107 | 0114 | 5/12/2025 |
| **24.08.29 - 24.12.06 - Benjamin, Guy - final package from GTOA (Ortho) with affidavit.pdf** | 0115 | 0204 | 5/12/2025 |
| **25.02.27 - 25.03.24 Benjamin, Guy (18418) North Loop Minor Emergency - Formal Medical and Bill ($5,265.00).pdf** | 0205 | 0224 | 5/12/2025 |
| **24.10.22-24.12.11, Benjamin, Guy - (018418) - ICN - Formal Billing Records ($1,650.00).pdf** | 0225 | 0226 | 5/12/2025 |

| | | | |
|---|---|---|---|
| 24.10.22-24.12.11, Benjamin, Guy - (018418) - ICN - Formal Medical Records.pdf | 0227 | 0252 | 5/12/2025 |
| 24.10.25 - 24.12.02 Benjamin, Guy (18418) - Qualcare Rehabilitation - Formal Bill & Medical ($2,611).pdf | 0253 | 0281 | 5/12/2025 |
| 25.01.24 - 25.03.19 - Guy W Benjamin-Billing Records From Texas Brain Institute.pdf | 0282 | 0284 | 5/12/2025 |
| 25.01.24 - 25.03.19 - Guy W Benjamin-Medical Records From Texas Brain Institute.pdf | 0285 | 0442 | 5/12/2025 |

In addition to these specifically identified documents, Plaintiff may also use (1) any pleadings filed by any party in this matter; (2) any correspondence between the parties; (3) any documents identified in any party's Fed. R. Civ. P. 26(a)(1) disclosures and/or any supplemental disclosures; (4) any documents identified and/or produced by any party in response to requests for production of documents pursuant to Fed. R. Civ. P. 34 and any supplemental responses; any answers given by any party in response to interrogatories pursuant to Fed. R. Civ. P. 33 or requests for admission pursuant to Fed. R. Civ. P. 36; (5) any documents relevant for purposes of rebuttal; and (6) any documents relevant for purposes of impeachment of any party, witness, or evidence.

Plaintiff does not intend to waive, and expressly reserves, any and all objections he may assert in the future to any discovery request propounded by Defendants. All documents disclosed by Defendants are identified in this initial disclosure without admitting the authenticity, relevancy, materiality, discoverability, or admissibility of any document and Plaintiff expressly reserves all objections to the use of any such documents or the further production of documents.

By identifying the documents herein, Plaintiff does not intend to waive, and expressly reserves his right to assert, any and all applicable privileges that may apply to documents that may fall within one or more categories. By disclosing potential witnesses and files that may contain privileged information, Plaintiff does not intend to waive, and expressly reserves, his right to assert

the attorney-client privilege and the protections of the work-product doctrine. Plaintiff also reserves the right to supplement the disclosure of these documents in the course of discovery in this matter.

**III.    Computation of Damages**

Plaintiff seeks damages for past expenses of his necessary medical care, treatment and services received, including transportation, board, and lodging expenses necessarily incurred in securing such care,[1] which are computed in the table below and itemized by provider and date of service.

| Provider Name and Date of Service | Total Billed Charges |
|---|---|
| **Baptist Memorial Hospital - Crittenden** | **$12,724.65** |
| 08/11/2024 | $12,724.65 |
| **Crittenden EMS** | **$1,179.40** |
| 08/11/2024 | $1,179.40 |
| **Greater Texas Orthopedic Associates** | **$44,547.00** |
| 08/29/2024 | $2,831.00 |
| 09/17/2024 | $478.00 |
| 09/24/2024 | $9,568.00 |
| 10/08/2024 | $478.00 |
| 10/22/2024 | $9,478.00 |
| 10/29/2024 | $20,758.00 |
| 11/20/2024 | $478.00 |
| 12/06/2024 | $478.00 |
| **International Center for Neuroscience PLLC** | **$1,650.00** |
| 10/22/2024 | $975.00 |
| 12/11/2024 | $675.00 |
| **Lifesciences Imaging Partners** | **$8,400.00** |
| 09/04/2024 | $8,400.00 |
| **Memorial MRI & Diagnostic** | **$9,752.00** |
| 10/31/2024 | $1,155.00 |
| 12/02/2024 | $2,756.00 |
| 01/22/2025 | $5,841.00 |
| **NLMEC** | **$5,265.00** |
| 02/27/2025 | $4,555.00 |
| 03/03/2025 | $500.00 |

---

[1] See AMI 2204.

| Provider Name and Date of Service | Total Billed Charges |
|---|---:|
| 03/24/2025 | $210.00 |
| **Qualcare Rehabilitation** | **$2,611.00** |
| 10/25/2024 | $435.00 |
| 10/30/2024 | $210.00 |
| 11/01/2024 | $210.00 |
| 11/04/2024 | $260.00 |
| 11/06/2024 | $170.00 |
| 11/08/2024 | $385.00 |
| 11/11/2024 | $210.00 |
| 11/15/2024 | $40.00 |
| 11/18/2024 | $210.00 |
| 11/20/2024 | $210.00 |
| 12/02/2024 | $271.00 |
| **Texas Brain Institute** | **$29,600.00** |
| 01/24/2025 | $25,400.00 |
| 03/19/2025 | $4,200.00 |
| **Grand Total** | **$115,729.05** |

Plaintiff expressly reserves the right to supplement these responses with and seek damages for the present value of such medical expenses reasonably certain to be required in the future,[2] the present value of any loss of ability to earn in the future,[3] and the present value of the reasonable expense of any necessary help in his home which is reasonably certain to be required in the future.[4]

Plaintiff also seeks damages for the following, the amount of which will be determined by the jury:

1. The nature, extent, duration, and permanency of his injuries;[5]

2. Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future;[6] and

---

[2] See AMI 2204.
[3] See AMI 2207.
[4] See AMI 2209.
[5] See AMI 2202.
[6] See AMI 2205.

3. Any scars, disfigurement, and visible results of his injury.[7]

Plaintiff does not intend to waive, and expressly reserves the right to allege other damages, including attorneys' fees, costs, and other fees, which will become known in the course of discovery. Plaintiff also reserves the right to supplement the disclosure of its damages, including the computation of same, in the course of discovery in this matter.

**IV.   Insurance Agreements**

Not applicable.

<strong><u>RESERVATION OF RIGHTS</u></strong>

Plaintiff reserves the right to supplement and/or amend these initial disclosures at any time as further discovery and information becomes available.

RESPECTFULLY SUBMITTED:

**DASPIT LAW FIRM**
124 W. Capitol Ave., Ste. 1820
Little Rock, AR 72201
Phone: (501) 512-0367
Fax:    (713) 587-9086
e-service@daspitlaw.com
*Attorneys for Plaintiffs*

By: _____
Lee D. Curry        Ark. Bar No. 2014153
lcurry@daspitlaw.com

---

[7] See AMI 2208.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on May 12, 2025, a copy of the foregoing was served on counsel of record via electronic mail to the following:

J. Lewis Wardlaw                                        *Via Email:* lwardlaw@martintate.com
MARTIN, TATE, MORROW, & MARSTON, P.C.
6410 Poplar Ave., Tower II, Suite 900
Memphis, TN 38119

                                                                              Lee D. Curry