EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

GUY WESSON BENJAMIN                                                                PLAINTIFF

V.                                        NO. 3:25-CV-00033

LUIS ZAMORA and                                                                    DEFENDANTS
LANDSTAR INWAY, INC.

**PLAINTIFF'S RESPONSES TO DEFENDANT LANDSTAR INWAY, INC.'S FIRST SET OF INTERROGATORIES**

Comes now the Plaintiff, Guy Wesson Benjamin by and through his undersigned counsel, and submits the following responses to Defendant's Interrogatories and Requests for Production of Documents. **RESPONSES ARE SET FORTH IN BOLD-FACED TYPE.**

**INTERROGATORIES**

**INTERROGATORY NO. 1**: Identify your full name, date and place of birth, Social Security Number, and residential address at the time the Accident.

**RESPONSE: Guy Wesson Benjamin, [redacted] 1953, Indianapolis, IN, [redacted] 19430 Loafers Lane, Magnolia, TX 77355 at the time of accident, lost this house last July during the hurricane, current address is 19396 Loafers Lane, Magnolia, TX 77355.**

**INTERROGATORY NO. 2**: Identify your full educational background, including names and addresses of all schools attended, and all degrees or certificates obtained.

**RESPONSE: high school diploma- Alief High School, Houston, TX 1971, Marion College to get a real estate license.**

**INTERROGATORY NO. 3**: Identify on what purpose and on whose business you were travelling at the time of the Accident.

**RESPONSE: I left my home in Magnolia TX, and I was heading to Indianapolis IN, going**

1

**to see an attorney about my inheritance. I was about halfway there when the accident happened.**

**INTERROGATORY NO. 4:** Identify each of your employers for the ten (10) year period prior to the Accident, and state the nature of the work or occupation with each such employer. If you were self-employed during the ten (10) year period prior to the Accident, state the name and address of the business, the date of commencement of the business, the type of the business and your duties and the extent of your ownership of the business.

**RESPONSE: Plaintiff states: none, he has been retired and on disability since 2003.**

**INTERROGATORY NO. 5**: For the five (5) year period prior to the Accident, state your total annual employment income (gross) for each year and the source of such income; and all sources of your income, other than your employment income.

**RESPONSE: Not applicable. Plaintiff is not claiming lost wages due to not working, only gets disability income.**

**INTERROGATORY NO. 6**: Have you been charged with, pleaded guilty to, or been convicted of any crime or offense within five (5) year period prior to the Accident? If so, state the nature of the offense; the date of the offense; the county and state in which you were tried; and the sentence given.

**RESPONSE: No.**

**INTERROGATORY NO. 7**: Identify all persons whom you know or believe to have any relevant knowledge of the Accident or the claims arising therefrom, including without limitation any witnesses to the Accident.

**RESPONSE: Plaintiff Guy Benjamin; Defendant Luis Zamora ; Deputy Ethan Vanlandingham, Crittenden County Sheriff's Office; Plaintiff's medical care treatment providers.**

**INTERROGATORY NO. 8**: With regard to the Accident, from information within your knowledge or obtained by those acting on your behalf, identify in narrative form, the manner in which you contend the Accident occurred, including the location and movements - as nearly as may be stated - of all vehicles referred to in the Complaint.

**RESPONSE: Objection, this interrogatory calls for narrative, which would be better suited for a deposition. Without waiving objection, Plaintiff states: It was Sunday, August 11, 2024, it was still dark, there were two 18 wheelers coming up from behind me. I was going 64 mph cruise control in the left hand lane, the 18 wheelers were staggered but both coming up, the one in the right lane had passed me, and the truck part of his trailer had passed me but I was still next to the trailer he was pulling, and realized for a few seconds before I was hit with the 18 wheeler that hit me from behind, and I got hit so hard that it rammed my car up so far that it caught me back up with the other 18 wheeler. He admitted that he fell asleep and that's why he hit me, it's on the accident report. The guy who hit me slowed down and stopped about 200 feet behind, but slowly came up to where I was. After the accident he came up to the right side of my vehicle and I rolled the window down, and asked if I was ok, and I said no I'm not. He said I'm sorry I fell asleep. I've already called 911.**

**INTERROGATORY NO. 9**: Identify separately and in detail all acts and/or omissions you contend constitute negligence or a breach of any duty on the part of Landstar.

**RESPONSE: Objection. Interrogatory No. 9 seeks to discover the mental impressions and legal theories of counsel. Subject to and without waiving said objection, please refer to the allegations of Plaintiff's Complaint.**

**INTERROGATORY NO. 10**: Identify separately and in detail all acts and/or omissions you contend constitute negligence or a breach of any duty on the part of Luis Zamora.

3

**RESPONSE: Objection. Interrogatory No. 10 seeks to discover the mental impressions and legal theories of counsel. Subject to and without waiving said objection, please refer to the allegations of Plaintiff's Complaint.**

<u>**INTERROGATORY NO. 11**</u>: Identify all injuries, physical, mental, and/or emotional, including permanent and/or temporary injuries that you claim you received as a result of the Accident.

**RESPONSE: Objection, Plaintiff is not a medical professional. Please refer to the impressions, assessments and diagnoses identified in Plaintiff's medical records.**

<u>**INTERROGATORY NO. 12**</u>: Identify all health care providers providing treatment of any kind to you as a result of the Accident, the reasons for treatment, the treatment provided, the dates of treatment, and the total fees charged by each health care provider.

**RESPONSE:**

| Provider / Date | Amount |
|---|---|
| Baptist Memorial Hospital - Crittenden | $12,724.65 |
| 08/11/2024 | $12,724.65 |
| Crittenden EMS | $1,179.40 |
| 08/11/2024 | $1,179.40 |
| Greater Texas Orthopedic Associates | $44,547.00 |
| 08/29/2024 | $2,831.00 |
| 09/17/2024 | $478.00 |
| 09/24/2024 | $9,568.00 |
| 10/08/2024 | $478.00 |
| 10/22/2024 | $9,478.00 |
| 10/29/2024 | $20,758.00 |
| 11/20/2024 | $478.00 |
| 12/06/2024 | $478.00 |
| International Center for Neuroscience PLLC | $1,650.00 |
| 10/22/2024 | $975.00 |
| 12/11/2024 | $675.00 |
| Lifesciences Imaging Partners | $8,400.00 |
| 09/04/2024 | $8,400.00 |
| Memorial MRI & Diagnostic | $9,752.00 |
| 10/31/2024 | $1,155.00 |
| 12/02/2024 | $2,756.00 |

| | |
|---|---:|
| 01/22/2025 | $5,841.00 |
| NLMEC | $5,265.00 |
| 02/27/2025 | $4,555.00 |
| 03/03/2025 | $500.00 |
| 03/24/2025 | $210.00 |
| Qualcare Rehabilitation | $2,611.00 |
| 10/25/2024 | $435.00 |
| 10/30/2024 | $210.00 |
| 11/01/2024 | $210.00 |
| 11/04/2024 | $260.00 |
| 11/06/2024 | $170.00 |
| 11/08/2024 | $385.00 |
| 11/11/2024 | $210.00 |
| 11/15/2024 | $40.00 |
| 11/18/2024 | $210.00 |
| 11/20/2024 | $210.00 |
| 12/02/2024 | $271.00 |
| Texas Brain Institute | $29,600.00 |
| 01/24/2025 | $25,400.00 |
| 03/19/2025 | $4,200.00 |
| Grand Total | $115,729.05 |

**INTERROGATORY NO. 13**: Identify all diseases, injuries, maladies or conditions, that you suffered from prior to the Accident, which required hospitalization or treatment by physicians, stating the nature of the disease, injury, or condition, whether the disease, injury, or condition was diagnosed as affecting your quality of life, and the periods and locations of any such hospitalizations or treatment, and identify all physicians, who provided any treatment as a result of such disease, injury, malady, or condition.

**RESPONSE: Objection, this interrogatory is overly broad, unduly burdensome, seeks information that is not relevant, not admissible and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Plaintiff states:**

**In 2011, I had surgery on L3, L4, and L5 on my back, there was no accident, it was just**

wear and tear from working and lifting heavy stuff.

In December 1981, I was hit head-on by a drunk driver in Houston, TX, and my right femur was shattered, so I had to have rods put in, and was never told to have it removed, but it was supposed to be removed just one year later in 1982.

I was bitten by a brown recluse spider in 2000, I didn't go to the hospital because at that time I had no insurance. I finally I went to St. Francis Hospital in Indianapolis, IN, a few weeks later due to the pain, and in 2004 because the pain was so bad and I couldn't walk because spider's venom had infected all of the hardware in my leg, I went to Conroe Regional Hospital in Conroe, TX, it was an ER. I found out my body was septic for four years, the level of toxicity was so high the doctor said I should be dead. I finally got the hardware removed from my leg at Texas Orthopedic Hospital, Houston, TX. I went to St. Francis Hospital in Indianapolis, IN for 10 months, 6 days a week for hydrotherapy, and I had approximately 43 sessions of injections.

About 6 years ago, I had my right hip replaced in 2019, and right after I healed I had my left knee replaced by the same surgeon at Herman Memorial Hospital in The Woodlands, TX.

I fell off my porch a few years ago but didn't sustain any serious injury, I went to St. Luke's Hospital at The Woodlands, TX.

My PCP is Methodist Hospital in Houston TX, Kathleen Paz was PCP for three years, about 3 months ago she moved to another location, so I started seeing a nurse practitioner, Shelly Huckabee, so I could continue going to the same location, checkups, diabetes checkups.

I am unaware of the names of all physicians who provided any treatment as a result of the above-described injuries. I am unaware as to whether any of the above-described injuries were diagnosed as affecting my quality of life.

**INTERROGATORY NO. 14**:  Provide a detailed accounting of precisely all sums of money,

6

which you demand in the Complaint as <u>compensatory</u> damages, including the method of computing the claim made as to each.

**RESPONSE: The following table lists Plaintiff's claim for past medical expenses, itemized by provider and dates of service, which are computed by adding together the total billed charges for services rendered.**

| Provider / Date | Amount |
|---|---|
| Baptist Memorial Hospital - Crittenden | $12,724.65 |
| 08/11/2024 | $12,724.65 |
| Crittenden EMS | $1,179.40 |
| 08/11/2024 | $1,179.40 |
| Greater Texas Orthopedic Associates | $44,547.00 |
| 08/29/2024 | $2,831.00 |
| 09/17/2024 | $478.00 |
| 09/24/2024 | $9,568.00 |
| 10/08/2024 | $478.00 |
| 10/22/2024 | $9,478.00 |
| 10/29/2024 | $20,758.00 |
| 11/20/2024 | $478.00 |
| 12/06/2024 | $478.00 |
| International Center for Neuroscience PLLC | $1,650.00 |
| 10/22/2024 | $975.00 |
| 12/11/2024 | $675.00 |
| Lifesciences Imaging Partners | $8,400.00 |
| 09/04/2024 | $8,400.00 |
| Memorial MRI & Diagnostic | $9,752.00 |
| 10/31/2024 | $1,155.00 |
| 12/02/2024 | $2,756.00 |
| 01/22/2025 | $5,841.00 |
| NLMEC | $5,265.00 |
| 02/27/2025 | $4,555.00 |
| 03/03/2025 | $500.00 |
| 03/24/2025 | $210.00 |
| Qualcare Rehabilitation | $2,611.00 |
| 10/25/2024 | $435.00 |
| 10/30/2024 | $210.00 |
| 11/01/2024 | $210.00 |
| 11/04/2024 | $260.00 |
| 11/06/2024 | $170.00 |

| | |
|---|---|
| 11/08/2024 | $385.00 |
| 11/11/2024 | $210.00 |
| 11/15/2024 | $40.00 |
| 11/18/2024 | $210.00 |
| 11/20/2024 | $210.00 |
| 12/02/2024 | $271.00 |
| Texas Brain Institute | $29,600.00 |
| 01/24/2025 | $25,400.00 |
| 03/19/2025 | $4,200.00 |
| **Past Medical Expenses Subtotal** | **$115,729.05** |

Plaintiff's claim for future medical expenses are listed in the table below, which are calculated based on the estimates provided by the listed providers. These estimates are included in the documents produced in Plaintiff's initial disclosures.

| | |
|---|---|
| **Greater Texas Orthopedic Associates** <br> Surgery Estimate for Anterior Cervical Discectomy & Fusion at C5-C6 and C6-C7 | $250,413.60 |
| **Texas Brain Institute (Year 1)** <br> Two (2) rounds of recommended repetitive transcranial magnetic stimulation (rTMS) treatments; TMS facility fees; and annual Brain MRI with DTI | $257,400.00 |
| **Texas Brain Institute (Year 2)** <br> Two (2) rounds of recommended repetitive transcranial magnetic stimulation (rTMS) treatments; TMS facility fees; and annual Brain MRI with DTI | $257,400.00 |
| **Texas Brain Institute (Year 3)** <br> Two (2) rounds of recommended repetitive transcranial magnetic stimulation (rTMS) treatments; TMS facility fees; and annual Brain MRI with DTI | $139,200.00 |
| **Texas Brain Institute (Year 4)** <br> Two (2) rounds of recommended repetitive transcranial magnetic stimulation (rTMS) treatments; TMS facility fees; and annual Brain MRI with DTI | $139,200.00 |
| **Texas Brain Institute (Year 5)** <br> Two (2) rounds of recommended repetitive transcranial magnetic stimulation (rTMS) treatments; TMS facility fees; and annual Brain MRI with DTI | $139,200.00 |
| **Future Medical Expenses Subtotal** | **$1,182,813.60** |

**INTERROGATORY NO. 15**: Identify the total amount of lost wages that you are claiming

and the manner in which those claims were computed, including the names and addresses of any person and/or employer upon whom you might have relied in determining such lost wages.

**RESPONSE: Not applicable. Plaintiff is not making a claim for lost wages.**

**INTERROGATORY NO. 16**:  Identify the total amount of loss of future earning capacity that you are claiming and the manner in which those claims were computed, including the names and addresses of any person and/or employer upon whom you might have relied in determining such loss of future earning capacity.

**RESPONSE: Not applicable. At this time, Plaintiff is not making a claim for loss of future earning capacity.**

**INTERROGATORY NO. 17**:  Identify all civil legal actions or proceedings involving you as a party within the last five (5) years, including workers compensation claims.

**RESPONSE: None.**

**INTERROGATORY NO. 18**:  Identify all persons whom you expect to express an opinion pursuant to Federal Rules of Evidence 702, 703, 704 and/or 705, and provide all such information as is required by Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Civ. P. 26(a)(2)(C).

**RESPONSE: Plaintiff has not yet determined whether he will call any individuals as expert witnesses. If Plaintiff determines to call an individual as an expert witness at trial, he will supplement his response to this interrogatory in accordance with the Federal Rules of Civil Procedure.**

        Respectfully Submitted,

        **DASPIT LAW FIRM**
        124 W. Capitol Ave., Ste. 1820
        Little Rock, AR 72201
        Phone: (501) 512-0367
        Fax:   (713) 587-9086
        e-service@daspitlaw.com
        *Attorneys for Plaintiffs*

By: _____
        Lee D. Curry    Ark. Bar No. 2014153
        lcurry@daspitlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on June 9, 2025 a copy of the above and foregoing has been served on the following counsel of record via email at the following address(es):

J. Lewis Wardlaw                                         lwardlaw@martintate.com
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Ave., Tower II, Suite 900
Memphis, TN 38119
*Attorney for Defendants*

_____
    Lee D. Curry